| Debtor | RAYMOND T BATTY, JR |
|---|---|
| | WANDA JUNE BATTY |

United States Bankruptcy Court for the  MIDDLE DISTRICT OF TENNESSEE    ☐ Check if this is an amended plan
[Bankruptcy district]

Case number: _____

Official Form 113
Chapter 13 Plan

### Part 1:  Notices

**To Debtors:** **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.**

In the following notice to creditors and statement regarding your income status, you must check each box that applies.

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance to you. Boxes must be checked by debtor(s) if applicable.

☒ **The plan seeks to limit the amount of a secured claim, as set out in Part 3, Section 3.2, which may result in a partial payment or no payment at all to the secured creditor.**

☐ **The plan requests the avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest as set out in Part 3, Section 3.4.**

☒ **The plan sets out nonstandard provisions in Part 9.**

**Income status of debtor(s), as stated on Official Form 122-C1**

*Check one.*
☒ The current monthly income of the debtor(s) is less than the applicable median income specified in 11 U.S.C. § 1325(b)(4)(A).

☐ The current monthly income of the debtor(s) is not less than the applicable median income specified in 11 U.S.C. § 1325(b)(4)(A).

### Part 2:  Plan Payments and Length of Plan

**2.1 Debtor(s) will make regular payments to the trustee as follows:**
If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in Parts 3 through 6 of this plan.

**2.2 Regular payments to the trustee will be made from future earnings in the following manner:**
See section 9.5 below

**2.3 Income tax refunds.**
*Check one.*
☒ Debtor(s) will retain any income tax refunds received during the plan term.

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

☐ Debtor(s) will treat income refunds as follows:

| Debtor | RAYMOND T BATTY, JR<br>WANDA JUNE BATTY | Case number | |
|---|---|---|---|

**2.5 The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is** $143,755.20.

### Part 3: Treatment of Secured Claims

**3.1 Maintenance of payments and cure of default, if any.**
*Check one.*

☒ The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract. These payments will be disbursed either by the trustee or directly by the debtor, as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated. Unless otherwise ordered by the court, the amounts listed on a proof of claim or modification of a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the debtor.

| Name of Creditor | Collateral | Current installment payment (including escrow) | Amount of arrearage, if any | Interest rate on arrearage (if applicable) | Monthly plan payment on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| UP/REGIONS | Location: 6330 SAUNDERSVILLE RD, Mount Juliet TN 37122 | $1,065.33<br>Disbursed by:<br>☒ x Trustee<br>☐ x Debtor(s) | $2,500.00 | 0.00%e | n/a-paid as a Class 5 Creditor | $66,419.80 |

Insert additional claims as needed.

3.2 Request for valuation of security and claim modification. *Check one.*
**The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.**

☒ The debtor(s) request that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor(s) state that the value of the secured claim should be as set out in the column headed Amount of secured claim. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

The holder of any claim listed below as having value in the column headed Amount of secured claim will retain the lien until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) discharge under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor. See Bankruptcy Rule 3015.

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly payment to creditor | Estimated total of monthly payments |
|---|---|---|---|---|---|---|---|---|
| BEST BUY | $6,030.00 | ELECTRONICS | $900.00 | $0.00 | $900.00 | 3.25% | $16.27 | $976.20 |
| GMAC | $5,016.85 | 2006 GMC ENVOY W/ 148k MILES-SON DRIVES THIS CAR | $5,100.00 | $0.00 | $5,016.85 | 3.25% | $90.70 | $5,442.00 |

APPENDIX D      Chapter 13 Plan      Page 2

| Debtor | RAYMOND T BATTY, JR |  | Case number | | | | | |
|---|---|---|---|---|---|---|---|---|
|  | WANDA JUNE BATTY |  |  | | | | | |

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly payment to creditor | Estimated total of monthly payments |
|---|---|---|---|---|---|---|---|---|
| SUNTRUST | $5,000.00 | Location: 6330 SAUNDERSVILLE RD, Mount Juliet TN 37122 | $151,900.00 | $125,511.21 | $5,000.00 | 3.25% | $90.40 | $5,424.00 |
| TITLE MAX | $1,000.00 | 2006 Honda CR-V LX Sport Utility 4D W/ 126k miles | $5,000.00 | $0.00 | $1,000.00 | 3.25% | $84.81 | $1,017.71 |

Insert additional claims as needed.

**3.3 Secured claims excluded from 11 U.S.C. § 506.**

Part 4: **Treatment of Fees and Priority Claims**

**4.1 General**

Trustee's fees and all allowed priority claims other than those treated in § 4.6 will be paid in full without interest.

**4.2 Trustee's fees**

Trustee's fees are estimated to be 5.00% of plan payments; and during the plan term, they are estimated to total $7,188.00.

**4.3 Attorney's fees**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be $3,500.00-TO BE PAID AS A CLASS 4 CREDITOR.

**4.4 Priority claims other than attorney's fees and those treated in § 4.5.**
*Check one.*
☒ The debtor estimates that the total amount of other priority claims to be $32,567.00-TAXES OWED TO TN DEPT OF REVENUE-TO BE PAID AS A CLASS 6 CREDITOR.

4.5 Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.

Part 5: **Treatment of Nonpriority Unsecured Claims**

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. Check all that apply.
☒ The sum of $ 20,910.54
☒ 20.00 % of the total amount of these claims.
☐ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $ 0.00 .
Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

Part 6: **Executory Contracts and Unexpired Leases**

**6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and**

APPENDIX D                                      Chapter 13 Plan                                      Page 3

Software Copyright (c) 1996-2015 Best Case, LLC - www.bestcase.com                                      Best Case Bankruptcy
Case 3:15-bk-01098    Doc 2    Filed 02/20/15    Entered 02/20/15 08:11:28    Desc Main
                                Document    Page 3 of 6

| Debtor | RAYMOND T BATTY, JR<br>WANDA JUNE BATTY | | Case number | | |
|---|---|---|---|---|---|

**unexpired leases are rejected.** Check one.

| NAME OF CREDITOR | DESCRIPTION OF CONTRACT | TREATMENT | CURRENT INSTALLMENT PAYMENT | AMOUNT OF ARREARAGE | ESTIMATED TOTAL PAYMENTS BY TRUSTEE |
|---|---|---|---|---|---|
| VERIZON | CELL PHONE | EVERY 2 YEARS | $240 | $0 | $0 |

### Part 7: Order of Distribution of Trustee Payments

**7.1 The trustee will make the monthly payments required in Parts 3 through 6 in the following order, with payments other than those listed to be made in the order determined by the trustee:**

```
Class 1: Filing fees
Class 2: Notice Fees
Class 3: Secured claims and mortgages with fixed monthly
payments
Class 4: Attorney Fees
Class 5: Arrearages cured through the plan
Class 6: Other priority claims without a specific monthly
payment
Class 7: General unsecured claims
Class 8: Claims allowed pursuant to § 1305
```

### Part 8: Vesting of Property of the Estate

**8.1 Property of the estate will vest in the debtor(s) upon**

*Check the appliable box:*
☐ plan confirmation.
☒ entry of discharge.
☐ other: _____

### Part 9: Nonstandard Plan Provisions

*Under Bankruptcy Rule 3015(c),nonstandard provisions are required to be set forth below.*

**These plan provisions will be effective only if the applicable box in Part 1 of this plan is checked.**

9.1 Post-Petition Claims.  Claims, allowed pursuant to 11 U.S.C. § 1305, shall be paid in full but subordinated to the payment of unsecured claims.

9.2 Adequate Protection Payments. Prior to confirmation, the trustee shall pay the secured claims listed below adequate protection payments provided a proof of claim has been filed. Adequate protection payments shall be disbursed by the Trustee in the customary disbursement cycle beginning the month after the petition is filed.

9.3 Provisions Relating to Claims Secured by Real Property Treated Pursuant to § 1322(b)(5). Confirmation of this Plan shall impose upon any claimholder  holding as collateral, the debtor's residence, the obligation to:

i.         Apply the payments received from the Trustee on pre-confirmation arrearages only to such arrearages. For purposes of this Plan, the "preconfirmation" arrears shall include all sums included in the allowed proof of claim plus any postpetition pre-confirmation payments due under the underlying mortgage obligation not specified in the allowed proof of claim. Monthly ongoing mortgage payments shall be paid by the trustee commencing with the later of the month of confirmation or the month in which a proof of claim itemizing the arrears is filed by such claimholder.

ii.         Treat the mortgage obligation as current at confirmation such that future payments, if made pursuant to the plan, shall not be subject to late fees, penalties or other charges.

9.4  Post petition adjustment of payments and fees:  If the holder of a claim files a Notice of Mortgage Payment Change under Rule 3002.1, Fed. R. Bankr. P., the Trustee may adjust the postpetition regular payment  and payments into the plan in accordance with the creditor's notice upon filing a notice of payment adjustment and delivering a copy to the debtor, the debtor's attorney, the creditor, and the U.S. Trustee.  The Trustee is authorized to pay any postpetition fees, expenses, and charges, notice of which is properly filed pursuant to Rule 3002.1, Fed. R.

| Debtor | RAYMOND T BATTY, JR<br>WANDA JUNE BATTY | Case number | |
|---|---|---|---|

Bankr. P., and as to which no objection is raised, at the same disbursement level as the arrearage claim listed above.

9.5  Regular payments to the Trustee shall be paid as follows: $867.00 semi-monthly paid by joint debtor through employer: YMCA ATTN: REBECCA WALKER, 900 CHURCH ST., Nashville, TN 37203 and $662.00 monthly paid by debtors via the automated TFS payment system.

9.6  Notice: Absent timely objection, this plan and any included motions may be approved without further notice or hearing at the conclusion of the meeting of creditors. To be timely, objections to the plan or motions shall be filed at least 7 calendar days before the date set for the hearing on confirmation. Timely filed objections will be held at the confirmation hearing as listed on the Notice of Meeting of Creditors and Deadlines.

### CERTIFICATE OF SERVICE (LBR 3015-1)

Pursuant to Local Bankruptcy Rule 3015-1, I hereby certify that a true and exact copy (3 copies @ $1.00 per copy= $3.00 [First Class U.S. Mail] and 1 copy @ $3.00 per copy=$3.00 [Certified US Mail] of the attached Chapter 13 Plan was served upon the following parties by either Certified U.S. Mail or First Class U.S. Mail (as designated below), on or before 2/23/2015;

BEST BUY
C/O CT CORP SYSTEM
100 S 5TH STR #1075
MINNEAPOLIS MN 55402
(FIRST CLASS U.S. MAIL)

SUNTRUST BANK
ATTN: OFFICER
303 PEACHTREET STREET NE
ATLANTA GA 30308
(CERTIFIED U.S. MAIL)

TITLEMAX
C/O CT CORP SYSTEMS
STE 2021 800 S GAY ST.
KNOXVILLE TN 37929
(FIRST CLASS U.S. MAIL)

ALLY FINANCIAL (GMAC)
100 S 5TH STR #1075
MINNEAPOLIS MN 55402
(FIRST CLASS U.S. MAIL)

### Part 10:  Signatures:

X  /S/ DAVID F CANNON         Date  2/19/2015
   David F. Cannon
**Signature of Attorney for Debtor(s)**

X                              Date
   RAYMOND T BATTY, JR

X                              Date
   WANDA JUNE BATTY

**Signature(s) of Debtor(s) (required if not represented by an attorney; otherwise optional)**

| Debtor | RAYMOND T BATTY, JR  WANDA JUNE BATTY | Case number | |

**Exhibit: Total Amount of Estimated Trustee Payments**

The trustee will make the following estimated payments on allowed claims in the order set forth in Section 7.1:

| | | |
|---|---|---:|
| a. | **Maintenance and cure payments on secured claims** (Part 3, Section 3.1 total): | $66,419.80 |
| b. | **Modified secured claims** (Part 3, Section 3.2 total): | $12,859.91 |
| c. | **Secured claims excluded from 11 U.S.C. § 506** (Part 3, Section 3.3 total): | $0.00 |
| d. | **Judicial liens or security interests partially avoided** (Part 3, Section 3.4 total): | $0.00 |
| e. | **Fees and priority claims** (Part 4 total): | $43,254.95 |
| f. | **Nonpriority unsecured claims** (Part 5, Section 5.1 total): | $20,910.54 |
| g. | **Interest on allowed unsecured claims** (Part 5, Section 5.2 total) | $0.00 |
| h. | **Maintenance and cure payments on unsecured claims** (Part 5, Section 5.3 total) | $0.00 |
| i. | **Separately classified unsecured claims** (Part 5, Section 5.4 total) | $0.00 |
| j. | **Trustee payments on executory contracts and unexpired leases** (Part 6, Section 6.1 total)   + | $0.00 |
| | **Total of lines a through j**............................................................................................................... | $143,445.20 |